[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PERMISSION TO AMEND (#114)
"Whether to allow an amendment is a matter left to the sound discretion of the trial court." Connecticut National Bank v.Voog, 233 Conn. 352, 369, 658 A.2d 172 (1995). "Where a party fails to respond to a request for admissions, the requests are deemed to have been admitted and the proper vehicle to withdraw these admissions is found in Practice Book § 240. . . . The cited section provides in part that `[a]ny matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.'" (Citation omitted.) Mucci v.General Motors Corp., Superior Court, judicial district of Danbury at Danbury, Docket No. 306260 (May 24, 1993, Moraghan, J.) (9 Conn. L. Rptr. 145).
The plaintiff argues that he "has spent substantial time and effort in preparing the requests to admit, his motion for summary judgment and all this time and money may be wasted and useless, if the [d]efendants' motion is granted." (Plaintiff's memorandum, p. 5).
In the present case, the plaintiff has failed to state a compelling reason why he would be prejudiced by allowing the amendment. The time spent preparing the requests to admit is not CT Page 9976 at all wasted by the defendants amending their answers to his questions. And, prejudice to the plaintiff caused by the time wasted on the motion for summary judgment is largely outweighed by the fact that if this court were to deny the motion, the defendants' ability to defend themselves on the merits would be severely prejudiced. This prejudice is unjustified since the defendants seek to amend the request for admission because their original counsel failed to properly address the request when it was first presented. This counsel's inability to properly serve his clients is allegedly due, at least partially, to a "family crisis". It would simply be unjust to allow the defendants to be victim to their attorney's excusable incapacity.
A balancing of the equities, therefore weighs heavily in the defendant's favor. The motion to amend is granted. The objection is overruled.
HICKEY, J.